# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN McCURDY, | ) |
| | ) 2:17cv1443 |
| Petitioner, | ) Electronic Filing |
| | ) |
| v. | ) Judge David Stewart Cercone |
| | ) |
| ERIC TICE, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and DISTRICT ATTORNEY OF LAWRENCE COUNTY, | ) ) ) ) ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

On November 6, 2017, this case was commenced by the filing of a Petition for Writ of Habeas Corpus and was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

Respondents filed a motion to dismiss (ECF No. 6) and supplement to the motion to dismiss (ECF No. 12) seeking to have the Petition dismissed on the grounds that the Petition was filed well outside AEDPA's applicable statute of limitations. Although ordered to file a response by January 2, 2018, Petitioner has not responded to the motion. (ECF No. 8).

On February 15, 2018, Magistrate Judge Eddy filed a Report and Recommendation (ECF No. 14) recommending that the Petition for Writ of Habeas Corpus be dismissed with prejudice as untimely, and that a certificate of appealability be denied. Petitioner was served with the Report and Recommendation at his listed address and was advised Objections to the Report and

Recommendation were due by March 5, 2018. To date, Petitioner neither has not filed any objections nor has he sought an extension of time in which to do so.

As the Report and Recommendation explains, Petitioner's sentence became final on March 17, 2008. The time for filing a federal habeas petition was tolled during the time Petitioner's first PCRA petition was pending, or until May 19, 2013 (the expiration of the time for seeking petition for allowance of appeal after the Superior Court decision of April 19, 2013). Thus, Petitioner had one year from May 19, 2013, to file a federal habeas petitioner. The instant petition was filed in 2017, well beyond the time for filing a federal habeas petition had expired. Petitioner's second PCRA petition was not properly filed and, thus, does not entitle Petitioner to statutory tolling for the time spent litigating that untimely petition.

The Court further agrees with the recommendation that nothing in the present record supports a conclusion that equitable tolling is appropriate.

The Court has reviewed the matter and concludes that the Report and Recommendation correctly analyzes the issue and makes a sound recommendation. Accordingly, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, the following order is entered:

**AND NOW**, this _16th_ day of March, 2018;

**IT IS ORDERED** that Respondents' motion to dismiss is **GRANTED** and the instant Petition for Writ of Habeas Corpus is **DISMISSED** as untimely. Inasmuch as reasonable jurists would not find it debatable whether the instant petition is untimely, **IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

2

The Report and Recommendation filed on February 15, 2018 (ECF No. 14), is ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

_D S Cercone_
David Stewart Cercone
Senior United States District Judge

cc: John Mccurdy
GW-1331
SCI Smithfield
P.O.Box 999
420 Pike Street
Huntingdon, PA 16652
(*Via First Class Mail*)

Gregory J. Simatic, Esquire
Office of Attorney General
(*Via CM/ECF Electronic Mail*)